IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF ALABAMA; BOB RILEY, )<br>GOVERNOR OF THE STATE OF ALABAMA; )<br>TROY KING, ATTORNEY GENERAL )<br>OF THE STATE OF ALABAMA; NANCY L. )<br>WORLEY, SECRETARY OF STATE OF THE )<br>STATE OF ALABAMA, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 2:06cv225-CSC |

## UNOPPOSED MOTION FOR INTERLOCUTORY ORDER

1. This is a civil action brought by the Attorney General on behalf of the United States pursuant to the Uniformed and Overseas Citizens Absentee Voting Act, 42 U.S.C. §§ 1973ff *et seq.* ("UOCAVA"). The Complaint, filed on March 9, 2006, alleges that the compressed time period between certification of Alabama's federal primary election and any primary run-off election allows insufficient time for round-trip transmission of absentee ballots to and from Alabama's uniformed services and overseas voters ("UOCAVA voters"). *See* Complaint, 9-11.

2. In response to the Complaint, the Alabama Legislature, on April 5, 2006, enacted legislation embodied in Senate Bill 529 (2006), which addresses the UOCAVA claim at issue. Governor Bob Riley signed the bill into law on April 13, 2006; it then became Act No. 2006-354. The same day, the State of Alabama submitted the provisions of Act No. 2006-354 discussed herein to the United States for review under Section 5 of the Voting Rights Act of 1965, 42

U.S.C. § 1973c ("Section 5").[1]

3. Act No. 2006-354 amends Alabama law so as to extend the time between the primary election and any primary run-off election to six weeks. In addition, Act No. 2006-354 amends Alabama law to allow UOCAVA voters' ballots to be received and counted until noon on the seventh day after the primary run-off election, provided the ballots are postmarked by the day of the primary run-off election. These legislative changes afford relief to Alabama's UOCAVA voters whose rights the United States sought to protect in this suit.

4. The extension of the time period between the primary election and any primary run-off election has caused a consequence not fully anticipated or intended by persons involved in this process. Under Alabama Code section 17-10-5(c), except as to individuals voting pursuant to UOCAVA, *see* 42 U.S.C. § 1973ff-3, separate applications for absentee ballots are required for elections that are more than 30 days apart. Thus, because the time period between the primary election and any primary run-off election would be 42 days if Act No. 2006-354 is implemented, voters in Alabama (other than UOCAVA voters) would be required to fill out two applications for absentee ballots if they wish to vote absentee in both the primary election and any primary run-off election.

5. At present, Act No. 2006-354 has not been precleared, and thus has not been implemented. Absentee voting for the June 6, 2006 primary election, however, has already begun, and a number of voters have already requested absentee ballots. Imposing the two-application requirement now that absentee voting has already commenced is problematic.

---

[1] Alabama is covered by Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, and thus must obtain preclearance of any changes to voting practices or procedures prior to implementation. The Attorney General has 60 days to review voting changes pursuant to Section 5.

Many voters who have already applied for absentee ballots have likely requested ballots for both the primary election and any primary run-off election in a single application. Upon implementation of Act No. 2006-354 as drafted, two applications are required to achieve the same result. Whether those voters who have already applied for both ballots using one application would be required to complete a new application presents a question of State law that cannot be easily resolved. Moreover, there are valid concerns about voter confusion and the ability to inform voters of the new requirements in time, and questions have been raised concerning the increased opportunity for missteps in the administration of such dual provisions by local elections officials.

6. The circumstances described above have the potential of leading to confusion for voters and others, and difficulty and uncertainty in the administration of the absentee ballot process. The imposition of this new standard on Alabama's voters presents an unrelated, unintended complication to the issue of preclearance of Act No. 2006-354 under Section 5.

WHEREFORE, in the interest of election administration and the resolution of this matter, the United States respectfully requests an interlocutory order providing that Alabama shall continue for the 2006 primary election to permit voters to complete a single application requesting absentee ballots for both the primary election and any primary run-off election. The United States has been advised that the State has no objection to this motion or entry of the attached order.

The United States anticipates that upon entry of this order, the review under Section 5 of Act No. 2006-354, as modified by this Order, will be completed expeditiously. At such time as Act No. 2006-354, as modified, receives the necessary Section 5 preclearance, the United States

will promptly move for a dismissal of its complaint.

          Respectfully submitted,

          WAN J. KIM
          Assistant Attorney General
          Civil Rights Division

          LEURA GARRETT CANARY
          United States Attorney

          */s/ Emily B. Smith*
          JOHN TANNER
          Chief, Voting Section
          REBECCA J. WERTZ
          Deputy Chief
          VERONICA S. JUNG
          EMILY B. SMITH
          MS Bar No. 101475
          Trial Attorneys
          Voting Section
          Civil Rights Division
          U.S. Department of Justice
          Room 7254-NWB
          950 Pennsylvania Avenue, NW
          Washington, DC 20530
          (800) 253-3931 (telephone)